■ MARIO DI FRANCESCO et al., Doing Business as Copartners under the Name of MARIO'S CONTRACTING Co., Respondents, v. HYMAN BRAND, Individually, and as Administrator of the Estate of GRETA BRAND, Deceased, Appellant.— In an action to foreclose a mechanic's lien, defendant appeals from so much of an order of the Supreme Court, Kings County, dated February 17, 1964, granting conditionally his motion to dismiss the complaint for lack of prosecution and to discharge the lien theretofore filed against the premises, as permitted plaintiffs to serve and file a note of issue for a subsequent term of the court. Defendant contends that his motion to dismiss should have been granted unconditionally. Order modified as follows: (1) by striking out so much of its decretal paragraph as permitted plaintiffs to notice the case for trial at a subsequent term of the court; and (2) by adding a provision granting unconditionally the defendant's motion, and a provision

dismissing the complaint and discharging the mechanic's lien and any *lis pendens* which may have been filed against the premises by reason of this action. As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to defendant. Plaintiffs failed to show a reasonable excuse or justification for the delay of over two and one-half years in the prosecution of the action or to show, by the affidavit of one having personal knowledge of the facts, that the action has merit. Under such circumstances, defendant's motion should have been granted unconditionally (*Sortino* v. *Fisher*, 20 A D 2d 25; *Keating* v. *Smith*, 20 A D 2d 141). Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.